**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:10-CR-338 |
| v. | (JUDGE CAPUTO) |
| RAPHAEL MUSTO, | |
| Defendant. | |

**MEMORANDUM**

Defendant has filed a motion to dismiss the superseding indictment or, in the alternative, to continue the trial indefinitely because of his physical and cognitive ability to prepare for and participate in his criminal trial. (Doc. 86.) The motion is grounded in the Sixth and Eighth Amendments to the United States Constitution. However, none of the authorities cited by Defendant support his argument that the failure to dismiss violates The Sixth Amendment and/or the Eighth Amendment, nor does the Defendant advance any analysis that it does. He merely asserts that trial is a stressor which would worsen Defendant's condition, thereby making it cruel and unusual punishment. Moreover, he also asserts that his presence is a right under the Sixth Amendment, and there is no evidence that the Defendant cannot be present. Indeed on October 24, 2012 he appeared for arraignment on a Superseding Indictment. Accordingly, there is no constitutional violation in failing to dismiss the Superseding Indictment.

Addressing the issue as one for the Court's discretion, it should be noted that while Defendant's liver disease was advanced as the reason for four prior continuances of trial (September 14, 2011; November 28, 2011; May 31, 2012; August 31, 2012), since the

opinion of the Court's appointed expert, Dr. K. Rajender Reddy, that the Defendant's liver disease does not prevent him from preparing and going to trial, (Doc. 87, Ex. D, 2), the Defendant's expert opines that Defendant has cognitive impairment and that "it is conceivable that [Defendant's] cognitive impairment, independent of all other factors, will prevent him from being able to actively and adequately prepare and participate in trial." (Doc. 87, Ex. C, 4–5.) Also the Government retained an expert in liver disease subsequent to Dr. Reddy's opinion, and he does not opine that Defendant's liver disease prevents him from preparing and going to trial. He does opine that independent of Defendant's liver disease, he cannot prepare and go to trial because he experiences 2 to 3 days each week where he is "out of function", i.e., distracted and unable to concentrate. (Doc. 87, Ex. E, 4.) The Government does not concur in this motion by Defendant, and we are left to wonder whether the Government believes its expert's opinion lacks merit.

The granting or denial of a continuance on grounds of a defendant's physical incompetency is a matter within the sound discretion of this Court. *United States v. Bernstein*, 417 F.2d 641, 643 (2d Cir. 1969). Unlike determining mental competency, no statutory standard exists for determining whether a defendant is physically competent to stand trial. *United States v. Jones*, 876 F. Supp. 395, 397 (N.D.N.Y. 1995). Although courts within the Third Circuit have not addressed this issue, district courts in the Second Circuit have utilized a five-factor approach set forth in *United States v. Doran* to determine a defendant's physical competency to stand trial. 328 F. Supp. 1261 (S.D.N.Y. 1971). Under *Doran*, a court shall examine: (1) the medical evidence; (2) the related evidence of defendant's activities outside the courthouse; (3) the possibility of measures to minimize the risks to defendant's health in subjecting him to a trial; (4) "[t]he temporary or permanent

2

character of the physical problem"; and (5) the "magnitude and seriousness of the case—i.e., the degree of loss or injury to the public interest deemed to result from delay or total preclusion of a trial." *Doran*, 328 F. Supp. at 1263.

Regarding the first *Doran* factor, the medical evidence concerning Defendant's liver disease is no longer a basis for delay because the Defendant's and Government's medical experts have suggested independent of Defendant's liver disease, his cognitive impairment and distraction prevent him from assisting in his defense and going to trial. As for the second factor, all that is presently known about Defendant's activities outside the courthouse is that he is "out of function" 2 to 3 days per week. Concerning the third factor, possible measures are available to minimize the risks to Defendant's health in subjecting him to a trial, such as the presence of a nurse or other medical professional in or near the courtroom, appropriate rest breaks, etc. Although Defendant's physical condition is unlikely to improve, the fact that his liver disease appears to be stabilizing in light of the permanent character of his physical problems weighs against postponing his trial. Finally, the magnitude and seriousness of the case weighs against delay. Defendant's case involves alleged corruption by a public official in an environment where several other public officials have been charged and convicted of similar criminal conduct. Viewing the evidence in its entirety, the Court finds that Defendant is physically competent to stand trial at the present time.

In any event, I hold that there is no constitutional violation in failing to dismiss the Superseding Indictment. Moreover, treating the motion as though it was addressing the Court's discretion, I find the *Doran* factors favor a trial of the Defendant.

Therefore, Defendant's motion to dismiss or in the alternative to continue indefinitely will be denied.

An appropriate Order will follow.

<u>October 24, 2012</u>                          <u>/s/ A. Richard Caputo</u>
Date                                           A. Richard Caputo
                                                       United States District Judge