**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA

CASE NO. 3:10-CR-338

v.

(JUDGE CAPUTO)

RAPHAEL MUSTO,

Defendant.

## <u>MEMORANDUM</u>

Presently before the Court are Defendant Raphael J. Musto's Motion to Dismiss Count 5 of the Superseding Indictment Based on a Violation of the Statute of Limitations (Doc. 103) and Motion to Dismiss Counts Three through Six of the Superseding Indictment (Doc. 108.). Because the conduct alleged in Count 5 of the Superseding Indictment falls outside of the statute of limitations, Defendant's motion to dismiss Count 5 of the Superseding Indictment will be granted. Because § 666 is constitutional, applies to Defendant, and does not require a *quid pro quo*, Defendant's motion to dismiss Counts Three through Six of the Superseding Indictment will be denied.

## I. Background

On November 23, 2010, a grand jury returned a six-count indictment charging Defendant Raphael J. Musto with: one count of honest services wire fraud in violation of 18 U.S.C. §§ 1343, 1346; one count of honest services mail fraud in violation of 18 U.S.C. §§ 1341, 1346; two counts of illegal receipt of gratuities and bribes concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B); and two counts of false statements to government agents in violation of 18 U.S.C. § 1001. (Doc. 1.) Defendant

appeared before Magistrate Judge Thomas M. Blewitt on December 15, 2010 and pleaded not guilty to all six counts.  (Doc. 11.)

From October 20, 2011 to August 1, 2012, the government and Defendant entered into several tolling agreements through which Defendant agreed to "toll any applicable statute of limitations and waive any defenses to the filing of additional federal charges by the United States in this matter based upon laches, the assertion of the speedy trial rights, any applicable statute of limitations or any other grounds."  (Doc. 104 at 1–2; Doc. 113 at 10.)

On October 17, 2012, a grand jury returned an eight-count Superseding Indictment against Defendant, charging him with two additional counts of illegal receipt of gratuities and bribes concerning programs receiving federal funds as well as the six counts charged in the original indictment.[1]  (Doc. 81.)  Defendant appeared before Magistrate Judge Malachy E. Mannion on October 24, 2012 and pleaded not guilty to all counts.  (Doc. 88.)

On November 2, 2012, Defendant filed two motions seeking to dismiss the counts of the Superseding Indictment that charge violations of 18 U.S.C. § 666(a)(1)(B).  Defendant moves to dismiss Count 5 of the Superseding Indictment on the grounds that it is barred by the statute of limitations.  (Doc. 103.)  Defendant moves to dismiss Counts 3 through 6 of the Superseding Indictment on the grounds that § 666 is unconstitutional, the Superseding Indictment fails to allege official acts by Defendant or the requisite *quid pro quo* necessary to establish a violation of § 666, and that the government seeks to improperly expand § 666

---

[1]  Count 1 of the Superseding Indictment charges Defendant with honest services wire fraud in violation of 18 U.S.C. §§ 1343, 1346.  Count 2 charges Defendant with honest services mail fraud and mail fraud in violation of 18 U.S.C. §§ 1341, 1346.  Counts 3 through 6 charge Defendant with illegal receipt of gratuities and bribes concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B).  Counts 7 and 8 charge Defendant with false statements to government agents in violation of 18 U.S.C. § 1001.  Counts 5 and 6 are the new counts that were not charged in the original indictment of November 2010.

to cover all state employees.  (Doc. 108, Doc. 109 at 2.)  These motions have now been fully briefed and are ripe for disposition.

## II. Discussion

### A.    Legal Standard

Federal Rule of Criminal Procedure 7(c)(1) provides that the indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  FED. R. CRIM. P. 7(c)(1).  Federal Rule of Criminal Procedure Rule 12(b)(3)(B) permits a defendant to seek dismissal for any "defect in the indictment" prior to trial.  FED. R. CRIM. P. 12(b)(3)(B).  The United States Court of Appeals for the Third Circuit has summarized the standard for evaluating the sufficiency of an indictment as follows:

> We deem an indictment sufficient so long as it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.  Moreover, no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.

*United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (citations and internal quotation omitted).  In addressing a Rule 12(b) motion to dismiss an indictment, "the Court must assume that the pertinent allegations of the Indictment are true."  *United States v. Conley*, 859 F. Supp. 909, 931 (W.D. Pa. 1994) (citing *Serfass v. United States*, 420 U.S. 377, 391–92 (1975)).

### B.    Count 5 of the Superseding Indictment

Defendant moves to dismiss Count 5 of the Superseding Indictment on the grounds

that it was filed beyond the five (5) year statute of limitations. Count 5[2] charges Defendant

with violating 18 U.S.C. § 666(a)(1)(B), which provides:

> (a)  Whoever, if the circumstance described in subsection (b) of this section exists --
>
> > (1)  being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof--
> > . . . .
> > (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more . . . .
>
> shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 666(a)(1)(B). The "circumstance described in subsection (b)" is "that the

organization, government, or agency receives, in any one year period, benefits in excess of

$10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee,

insurance, or other form of Federal assistance." 18 U.S.C. § 666(b).

The statute of limitations for a violation of 18 U.S.C. § 666 is five years. 18 U.S.C.

§ 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted,

tried, or punished for any offense, not capital, unless the indictment is found or the

---

[2]  Count 5 alleges that in and around 2006, "Participant #2" asked Defendant to assist with the passage of a multi-million dollar loan application submitted by a municipality affiliated with Participant #2 to a state agency that Defendant was involved with through his position as a Pennsylvania state senator. (Doc. 81 at ¶¶ 26, 29–30.) It alleges that in October 2006, Participant #2 paid Defendant approximately $1,000 to influence him to act on the loan project. (*Id.* at ¶ 30.) It further alleges that Defendant accepted the payment "as a reward for his prior official action advocating for governmental entities affiliated with Participant #2 as well as intending to be influenced in his future official conduct" for the municipality. (*Id.*) It finally alleges that after receiving the payment, Defendant advocated for and succeeded in obtaining the loan for the municipality in October 2006. (*Id.* at ¶ 31.)

information is instituted within five years next after such offense shall have been committed."); *United States v. Lauderdale*, 142 F. App'x 25, 28 (3d Cir. 2005). Although the government would normally be required to prove that the crime charged in Count 5 occurred on or after October 17, 2007, as the Superseding Indictment was returned on October 17, 2012, the parties' tolling agreements have altered the relevant time frame. Because the parties' agreements tolled the statute of limitations from October 20, 2011 to August 1, 2012—a period of two hundred eighty-seven days—the offense charged in Count 5 must have occurred on or after January 4, 2007.[3]

Defendant argues that because the conduct underlying Count 5 allegedly occurred in or about October 2006, months before January 2007, it falls outside of the five year statute of limitations and therefore must be dismissed. (Doc. 104 at 3–4.)

The government counters that Count 5 of the Superseding Indictment was filed within the statute of limitations. The gravamen of its argument is that because the § 666 violation charged in Count 5 both contemplates a reward for prior official action by Defendant and anticipates subsequent official action,[4] the statute of limitations period starts once the last official act in furtherance of the object of that payment is made. (Doc. 113 at 11–12.) The government explains that although the alleged payment by

---

[3]     The parties agree that after accounting for the tolling agreements, the statute of limitations period ends in January 2007. However, they disagree as to the specific date. The government points to January 4, 2007 as the last date that falls within the statute of limitations period, (Doc. 113 at 11), whereas Defendant cites "the middle of January of 2007." (Doc. 104 at 3). Having subtracted two hundred eighty-seven (287) days from October 17, 2007 (five (5) years from the date of the indictment), the Court agrees that the correct date is January 4, 2007.

[4]     Count 5 alleges that Defendant accepted the payment from Participant #2 "as a reward for his prior official action advocating for governmental entities affiliated with Participant #2 as well as intending to be influenced in his future official conduct for [the municipality applying for the multi-million dollar loan]." (Doc. 81 at ¶ 30.)

Participant #2 and subsequent official action by Defendant occurred in October 2006, it will show at trial that the payment was made with the understanding that Defendant would continue to assist the loan's approval through the state agency that he served on as a voting member. (*Id.* at 10–11.) The government also contends that it will show at trial that in January 2007, the municipality affiliated with Participant #2 requested an increase in the loan amount, which was approved by the agency's board, including Defendant, in April 2007. (*Id.*) It reasons that because this official act was directly connected to the payment made by Participant #2, the offense charged in Count 5 was completed in April 2007 and is therefore within the limitations period. (*Id.*)

Although the government attempts to distinguish this case from *United States v. Borman*,[5] 559 F.3d 150 (3d Cir. 2009), which involved the statute of limitations for a conspiracy to violate § 666, its position that Defendant's last official act starts the statute of limitations period mirrors the approach taken in calculating the limitations period for continuing offenses, such as conspiracy. Defendant responds that because § 666 is not a continuing offense, the statute of limitations began to run in October 2006, when the violation of § 666 charged in Count 5 was alleged to have occurred, and expired before the Superseding Indictment was returned in October 2012. (*Id.*)

---

[5]      The appellant in *Bornman* was a public official who worked as a project manager for a government program that received millions of dollars in federal funding to help homeowners who had lost their roofs in hurricanes. *Bornman*, 559 F.3d at 152. He, along with the program's supervisor, was found guilty of one count of conspiring to corruptly solicit and accept payments from contractors that regularly performed work for the program in violation of 18 U.S.C. §§ 371 and 666(a)(1)(B). *Id.* However, his conviction on this count was overturned by the Third Circuit because no overt acts in furtherance of the conspiracy were performed within five years of the return of the indictment. *Id.* at 153–54. The government contends that this case differs from *Bornman* because Participant #2 paid Defendant for past official action as well as future official action, whereas *Bornman* involved a conspiracy. (Doc. 113 at 12–13.)

"Statutes of limitations normally begin to run when the crime is complete." *Pendergast v. United States*, 317 U.S. 412, 418 (1943). An offense is committed when it is completed, *Toussie v. United States*, 397 U.S. 112, 115 (1970), that is, when each element of the offense has occurred. *United States v. McGoff*, 831 F.2d 1071, 1078 (D.C. Cir. 1987). However, an exception has been recognized for "continuing offenses." *Toussie*, 397 U.S. at 115. A continuing offense is "a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy," *United States v. Midstate Horticultural Co.*, 306 U.S. 161, 166 (1939), whose harm "lasts as long as that course of conduct persists." *United States v. Morales*, 11 F.3d 915, 921 (9th Cir. 1993) (O'Scannlain, J., dissenting). "The hallmark of the continuing offense is that it perdures beyond the initial illegal act, and that 'each day brings a renewed threat of the evil Congress sought to prevent" even after the elements necessary to establish the crime have occurred." *United States v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999) (quoting *Toussie*, 397 U.S. at 122). "The classic examples of such offenses are conspiracy, kidnapping, and escape." *Nisenzon v. Morgan Stanley DW, Inc.*, 2007 WL 172378, at *3 (E.D. Pa. Jan. 18, 2007) (citing *Toussie*, 397 U.S. at 134-35) (White, J., dissenting). For statute of limitations purposes, an offense is "continuing" if (a) "the explicit language of the substantive criminal statute compels such a conclusion" or (b) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie*, 397 U.S. at 115. "[T]he last act of the crime controls when the statute of limitations begins to run" for continuing offenses. BLACK'S LAW DICTIONARY 1186 (9th ed. 2009).

Although the Third Circuit has not ruled on whether § 666 is a continuing offense,

7

the Seventh Circuit has noted that it is not. *Yashar*, 166 F.3d at 876, 880. This Court

agrees with the Seventh Circuit that § 666 is not a continuing offense, as neither of the

"limited circumstances" enumerated in *Toussie* apply here: the statute's language does

not compel the conclusion that § 666 is a continuing offense and the crime's nature is not

such that Congress "must assuredly have intended that it be treated as a continuing one."

*Toussie*, 397 U.S. at 115. The offense laid out in § 666(a)(1)(B),[6] bribery concerning

programs receiving federal funds, is not "an unlawful course of conduct that does

perdure," *McGoff*, 831 F.3d at 1078, or "committed over a period of time," BLACK'S LAW

DICTIONARY 1186 (9th ed. 2009), as continuing offenses like conspiracy are. Instead, the

offense under § 666(a)(1)(B) is discrete, one that is committed and whose "limitations

period starts to run once all elements of the offense are established, regardless of

whether the defendant continues to engage in criminal conduct." *Yashar*, 166 F.3d

879–80. Therefore, as § 666 is not a continuing offense, whether Defendant performed

official acts in connection with the alleged payment after October 2006 is of no moment.

 Accordingly, the government's attempt to treat the conduct charged in Count 5,

which is alleged to violate § 666, the same as a continuing offense in an effort to extend

the limitations period to October 2006 is rejected. The elements of the offense, as

alleged in the Superseding Indictment, were completed as of October 2006, and the

---

[6] The elements of a violation of 18 U.S.C. § 666(a)(1)(B) are: 1) that at the time alleged in the indictment, Defendant was an agent of an organization, government, or agency thereof; 2) that the organization, government, or agency received federal benefits in excess of $10,000 in a one-year period; 3) that Defendant accepted, agreed to accept, solicited, or demanded something of value from another; 4) that Defendant acted corruptly with the intent to be influenced or rewarded in connection with the business, a transaction, or series of transactions of the organization, government, or agency; and 5) that the value of the business, transaction, or series of transactions to which the payment was related was at least $5,000. 18 U.S.C. § 666(a)(1)(B); Third Circuit Model Criminal Jury Instructions, § 6.18.666A1B (2010).

statute of limitations period began running at that time.  Therefore, Count 5 of the Superseding Indictment is barred by the statute of limitations and will be dismissed.

**C.      Counts 3 through 6 of the Superseding Indictment**

Defendant moves to dismiss Counts 3 through 6 of the Superseding Indictment on several grounds: that 18 U.S.C. § 666 is unconstitutional, that the government seeks to improperly expand § 666 to cover all state employees, and that the Superseding Indictment fails to allege official acts by Defendant or the requisite *quid pro quo* to establish a violation of § 666.

**1.  Constitutionality of § 666**

Defendant argues that § 666 is unconstitutional because "it is unduly overbroad in scope, seeks to criminalize non-criminal behavior, and otherwise fails to met constitutional requirements."  (Doc. 109 at 2.)  In support of this argument, Defendant maintains that without a greater nexus between Defendant's alleged actions and the federal benefits in excess of $10,000, virtually all state, municipal, and local government employees are at risk for federal prosecution under § 666.  (Doc. 115 at 3-4).

However, it is well-established that the government does not need to establish a nexus between the criminal activity and the federal funds.  *See Sabri v. United States*, 541 U.S. 600, 605–07 (2004); *Salinas v. United States*, 522 U.S. 52, 61 (1997). Federal involvement is sufficient if the state government or agency which a defendant is an agent of receives over $10,000 in federal funds in the year.  *See id.*  Therefore, Defendant's motion will not be granted on grounds of unconstitutionality.

### 2. Scope of § 666

Section 666(a) applies when "the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance or other forms of Federal assistance." 18 U.S.C. § 666(b). Defendant contends that § 666 does not apply to him because the Pennsylvania Senate does not receive federal funds, administer federal funds, or participate in any federal assistance programs. (Doc. 109 at 3.)

The government replies that Defendant was alleged in the Superseding Indictment to be "an elected senator for the Commonwealth of Pennsylvania" and, as such, "an agent of a number of government entities, including, but not limited to, the Commonwealth of Pennsylvania." (Doc. 81 at ¶ 21.) The Superseding Indictment also alleges that the Commonwealth of Pennsylvania "annually received federal assistance in excess of $10,000 during each one-year period beginning on January 1, 2005 and extending through December 31, 2009." (*Id.* at ¶ 22.) The government asserts that through discovery, Defendant has been notified that he was a voting official on a state agency and, through his work on that agency, voted on loan and grant applications made by municipal governments and authorities. (Doc. 113 at 6.) It further maintains that its evidence at trial will show that the state agency on which Defendant served as a voting official, and therefore the Commonwealth of Pennsylvania, received federal funds which were used in the awarding of those loans and grants. (*Id.*)

As this Court is required to assume that the allegations of the Superseding

10

Indictment are true for purposes of Defendant's motion to dismiss, the remaining § 666 counts will not be dismissed on these grounds. The Superseding Indictment alleges that Defendant was elected to the Pennsylvania Senate and, in his capacity as state senator, served as an agent of government entities, including the Commonwealth of Pennsylvania. (Doc. 81 at ¶ 21.) It also alleges that the Commonwealth of Pennsylvania received federal assistance in excess of $10,000 annually from January 1, 2005 through December 31, 2009. (*Id.* at ¶ 22.) The Superseding Indictment further alleges that Defendant used his position to influence governmental agencies to award multi-million dollar loans and grants to municipal authorities. (*Id.* at ¶¶ 25, 29, 33.) Therefore, because Defendant was an agent of a state government and state agency that received federal benefits in excess of $10,000 during the time period in which the crimes charged in Counts 3 through 6 were alleged to have occurred, § 666 applies to him.

### 3. *Quid Pro Quo*

There is a split among the Courts of Appeals as to whether a bribery conviction under § 666 requires proof of a *quid pro quo*.[7] The Fourth and Second Circuits have held that bribery convictions under § 666 require some proof of a *quid pro quo*. *See United States v. Jennings*, 160 F.3d 1006, 1014, 1019–22 (4th Cir. 1998) (holding that the "corrupt intent" requirement in § 666 requires the government to prove a *quid pro quo*); *United States v. Ganim*, 510 F.3d 134, 151 (2d Cir. 2007) (holding there was no plain

---

[7]     A "quid pro quo" is "[a]n action or thing that is exchange for another action or thing of more or less equal value." BLACK'S LAW DICTIONARY 1367 (9th ed. 2009).

error in a jury instruction that stated that the government must prove a corrupt intent, which "means the specific *quid pro quo*"). On the other hand, the Sixth, Seventh, Eighth, and Eleventh Circuits have held that conviction under § 666 does not require proof of a *quid pro quo*. *See United States v. Abbey*, 560 F.3d 513, 520 (6th Cir. 2009) ("while a '*quid pro quo* of money for a specific . . . act is sufficient to violate [18 U.S.C. § 666(a)(1)(B)],' it is 'not necessary'" (quoting *United States v. Gee*, 432 F.3d 713, 714 (7th Cir. 2005)); Gee, 432 F.3d at 714 ("A *quid pro quo* of money for a specific legislative act is *sufficient* to violate the statute, but it is not *necessary*."); *United States v. Zimmerman*, 509 F.3d 920, 927 (8th Cir. 2007) (holding that the government was not required to prove any *quid pro quo* for conviction under § 666(a)(1)(B)); *United States v. McNair*, 605 F.3d 1152, 1188 (11th Cir. 2010) ("there is no requirement in § 666(a)(1)(B) . . . that the government allege or prove an intent that a specific payment was solicited, received, or given in exchange for a specific official act, termed a *quid pro quo*."). The Third Circuit has not ruled on this question.

Defendant submits that, like a bribery violation under 18 U.S.C. § 1346, a violation of § 666 requires a specific official act and *quid pro quo*. (Doc. 109 at 4.) Defendant reasons that because the Superseding Indictment does not allege a specific official act performed by Defendant or a *quid pro quo* exchange, Counts 3 through 6 of the Superseding Indictment must be dismissed as facially insufficient. (*Id.*) In opposition, the government argues that in light of the Third Circuit's silence on whether a specific *quid pro quo* is necessary for a violation of § 666, and indictment which alleges the statutory

language is "more than sufficient."  (Doc. 113 at 8.)

In this Court's view, the courts that have not imposed a *quid pro quo* requirement have the better side of the argument.  In applying criminal statutes, this Court "generally must follow the plain and unambiguous meaning of the statutory language."  *United States v. Albertini*, 472 U.S. 675, 680 (1985) (citing *Garcia v. United States*, 469 U.S. 70, 75 (1984); *United States v. Turkette,* 452 U.S. 576, 580 (1981)).  The text of § 666 only requires Defendant to accept or agree to accept anything of value with the intent to be influenced or rewarded in connection with any business or transaction of a government or agency involving $5,000 or more.  18 U.S.C. § 666(a)(1)(B); *see also Abbey*, 560 F.3d at 520; *Gee*, 432 F.3d at 714.  Although a "*quid pro quo* of money for a specific . . . act is sufficient to violate [ § 666]," it is "not necessary."  *Gee*, 432 F.3d at 714.

As for Defendant's contention that Counts 3 through 6 of the Superseding Indictment must allege a specific official act that he performed in relation to the alleged payment, this Court notes that in the context of alleged violations of § 666, "indictments need not include . . . detailed factual allegations [of official acts taken by public officials].  It is enough that an indictment provides sufficient factual orientation to appraise the defendant of the nature of the charges against him."  *United States v. Mosberg*, 2011 WL 5433749, at *27 (D.N.J. Nov. 9, 2011); *see also* Third Circuit Model Criminal Jury Instructions, § 6.18.666A1B-2 (2010) (stating that for violations of § 666(a)(1)(B), "the government is not required to prove that [Defendant] took any particular action.").

Therefore, because this Court finds that a violation of § 666 does not require a

13

*quid pro quo* or a specific official act alleged in the indictment, Counts 3 through 6 of the Superseding Indictment will not be dismissed on these grounds.  Accordingly, Defendant's Motion to Dismiss Counts Three through Six of the Superseding Indictment (Doc. 108) will be denied.

### III. Conclusion

Because the conduct alleged in Count 5 of the Superseding Indictment falls outside of the statute of limitations, Defendant's Motion to Dismiss Count 5 of the Superseding Indictment (Doc. 103) will be granted.  Because § 666 is constitutional, applies to Defendant, and does not require a *quid pro quo*, Defendant's Motion to Dismiss Counts Three through Six of the Superseding Indictment (Doc. 108 )will be denied.

An appropriate order follows.

November 21, 2012                                    /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                                United States District Judge